[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Application for review of sentence imposed by the Superior Court, Judicial District of New Haven. Date of Sentence: September 15, 1995; Date of Application: Not Dated; Date Application Filed: September 15, 1995; Date of Decision: January 26, 1999.
Thomas Ullman, Esq., Defense Counsel, for Petitioner.
Robert O'Brien, Esq., Assistant State's Attorney, for the State.
Sentence Affirmed.
The petitioner was convicted following a trial by jury of Burglary 1st degree, (§ 53a-101(a)(1), and sentenced to a term of 18 years, execution suspended after 15 years, with a 5 year probationary period. He was 31 years of age at the time of sentencing.
The factual basis for the conviction is as follows: On March 10, 1994 at approximately 6 p. m., the petitioner and several CT Page 2411 other men barged into an apartment looking for the victim. Some men had guns and some were masked. The victim, who was hiding under a bed was not discovered, but the defendant made threats of harm toward the victim and others in the apartment. One of the intruders fired five bullets into a stereo set before leaving the apartment. The victim knew the defendant as "Jamaican Steve" and recognized his voice in the apartment. She had also seen him as he approached the building.
The petitioner has a prior record which includes multiple convictions for assault. The most serious being a 1989 conviction for assault, 2nd degree where he shot the victim four times in the groin area with a semi-automatic handgun, allegedly because he thought the victim was a police informant. He received a five year sentence for that conviction, and at the same time received a three year sentence for possession of narcotics. He was paroled in February, 1991, but returned in April 1991 for violation involving drug usage. He was discharged on July 27, 1993.
Petitioner's counsel argues that the sentencing court put inordinate stress on his record and his income status. He points out that no one was injured in this episode, that the victim expressed little interest in the prosecution and that the state's case was not strong and largely based on a "Whelan" statement.
The petitioner, in his remarks, maintains his innocence.
The state's attorney argues that the sentence was fair and reasonable under all the circumstances and points out that this crime occurred within 8 months or so from his release from prison for shooting a person four times.
The Review Division cannot retry the case. We must accept the conviction as guilt of the crime and our function is limited to reviewing the appropriateness of a sentence pursuant to §43-28 of the Connecticut Practice Book.
It is not improper for a sentencing court to inquire about a defendant's job, background or sources of income. It is clear that the court gave consideration to the gravity of the offense, including the fact that weapons were used and shots fired. The court also looked at the petitioner's criminal record and appropriately concluded the petitioner represents a clear threat to the safety and lives of others. CT Page 2412
After reviewing this sentence as provided for by Connecticut Practice Book § 43-28, we find it is neither disproportionate nor inappropriate. It is affirmed.
Klaczak, Miano and O'Keefe, J.s, participated in this decision.